# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ROOSEVELT J.L. BURGESS, III,   ) | |
| ) | |
| Movant,   ) | |
| ) | |
| v.   ) | Case No. CV405-211 |
| ) | [Underlying CR493-205] |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

## REPORT AND RECOMMENDATION

Movant has filed a "Petition for Writ of Habeas Corpus," which is properly classified as a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Doc. 1. This petition was filed in the United States District Court for the Eastern District of Missouri on October 11, 2005, and was transferred to this District on November 14, 2005. Docs. 2-3. After conviction following a jury trial, movant was sentenced on October 17, 1994 to concurrent imprisonment terms of 300 months on a count of bank robbery and 327 months on a count of possession of a firearm by a convicted felon, and to 60 months

imprisonment for use of a firearm during a crime of violence, to be served consecutively to the other sentences. CR493-205 (docs. 47, 59). Movant is now seeking to be "unconditionally release[d]." Doc. 1. As he seeks to "vacate, set aside, or correct the sentence," his motion should be considered as made pursuant to 28 U.S.C. § 2255.

Movant has previously filed three motions under § 2255 with this Court, which were denied. CV495-028 (docs. 1, 5, 8-9); CV 497-051 (docs. 1, 5, 7-8); CV498-153 (docs. 1, 8, 12-13). Following his third motion, movant filed a motion for reconsideration, which was also denied. CV498-153 (docs. 14-15). Movant's appeal to the Eleventh Circuit was dismissed for failure to pay the docket and filing fees. Id. (docs. 16, 19, 23).

According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

Because the instant petition is properly classified as a § 2255 motion, and because movant has already filed under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this Court to consider this motion, this Court is without jurisdiction to consider movant's petition at this time. Accordingly, the Court recommends that the instant motion be construed as a motion made under 28 U.S.C. § 2255 and that it be **DISMISSED** as successive.

As movant has now filed an "objection" to the government's motion to dismiss, his Motion to Extend filed on January 3, 2006 (doc. 7) is moot.

**SO REPORTED AND RECOMMENDED** this _12Th_ **day of January, 2006 .**

                                                                                                           **UNITED STATES MAGISTRATE JUDGE**
                                                                                                           **SOUTHERN DISTRICT OF GEORGIA**